EDWARD HOWARD, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9371

February 3, 1977                    559 P.2d 827

*Morgan D. Harris,* Public Defender, and *Robert D. Larsen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Edward Howard was baby-sitting a three year old child while its mother (Howard's mistress) worked. The child was severely burned on the scrotum, buttocks, both legs and feet— apparently as a result of being submerged in scalding water. A doctor testified that the burns required "amputation of the distal tips of nine out of ten toes." There were also burns in the "region of his navel" and "of his scalp." Howard was charged with, and ordered to stand trial for, mayhem, a felony under Nev. Rev. Stat. § 200.280.

Seeking to avoid trial, Howard filed a pretrial petition for a writ of habeas corpus wherein the thrust of his argument was directed to the admissibility—and the truth and veracity—of statements made by the maimed child. Additionally, he argued that circumstantial evidence is insufficient to support the charge. The district court considered and rejected the contentions which are reurged in this appeal.

In our view, Howard has not demonstrated that the district judge committed reversible error in denying the habeas petition.

1.    Even if we exclude the statements made by the child, the remaining portion of the record is sufficient to meet the probable cause test delineated in Nev. Rev. Stat. § 171.206. See: State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). Cf. Tertrou v. Sheriff, 89 Nev. 166, 509 P.2d 970 (1973).

2.    This court has previously, and consistently, upheld *convictions* based solely on circumstantial evidence. See, for example, O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972), and cases cited therein. *A fortiori,* such evidence will support a finding of probable cause to hold an accused for trial.

Affirmed.